IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raquel Edmond, | ) | C/A No.: 3:22-514-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Windsor Lake d/b/a The Preserve | ) | ORDER AND NOTICE |
| at Windsor Lake; Southwood | ) | |
| Realty; and Dentsville Magistrate | ) | |
| Judge Phillip Newsom, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Raquel Edmond ("Plaintiff"),[1] proceeding pro se, filed this civil action

pursuant to 42 U.S.C. § 1983, alleging violations of her federal rights by

defendants Windsor Lake d/b/a The Preserve at Windsor Lake ("Windsor"),

Southwood Realty ("Southwood"), and Dentsville Magistrate Judge Phillip

Newsom ("Judge Newson"). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civ.

Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such

complaints for relief and submit findings and recommendations to the district

---

[1] Although the complaint also lists Matthew P. Edmond as a plaintiff, only
one signature is provided, and the court considers Raquel Edmond as the sole
plaintiff. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)
("[T]he competence of a layman representing himself [is] clearly too limited to
allow him to risk the rights of others."); *C.E. Pope Equity Trust v. United
States*, 818 F.2d 696, 697 (9th Cir. 1987) (noting while a non-attorney may
represent himself, he has no authority to appear as an attorney for others).

judge.

I.      Factual and Procedural Background

Plaintiff alleges Judge Newsom denied Plaintiff's "Motion for Stay Hearing Until Judicial Review Completed" in her eviction case in state Magistrate Court. She complains Windsor and Southwood increased her rent despite one of the tenant's disability. In the space provided for Plaintiff to state the relief requested, she states "'Motion for Stay' is what we are seeking/asking; for immediate assistance as local magistrate Judge Phillip Newsom not listening to my/our side. . . ."[ECF No. 1 at 5].

II.     Discussion

    A.      Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Judicial Immunity

Judge Newsom should be dismissed based on judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57

(1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Judge Newsom relate to his judicial actions, he is entitled to absolute immunity.[2] Accordingly, Plaintiff's claims against Judge Newsom are subject to summary dismissal.

### 2.    No Jurisdiction Against Windsor and Southwood

Plaintiff has not provided any independent jurisdiction for claims against Windsor and Southwood. Although Plaintiff indicated she was filing in this court based on a federal question, she lists no statutes on which her claim is based. [ECF No. 1 at 3]. The complaint's only allegations related to Windsor and Southwood is that they increased rent despite one of the tenants being disabled. [ECF No. 1 at 5]. These facts are insufficient to state a federal claim. Therefore, Windsor and Southwood are subject to summary dismissal.

### 3.    The *Rooker-Feldman* Doctrine Bars this Case

Under the *Rooker-Feldman* doctrine, this court may not review findings or rulings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476

---

[2] Even if Judge Newsom were not protected by judicial immunity, Plaintiff has failed to show he violated her constitutional rights by denying her motion.

4

(1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends not only to issues actually decided by a state court, but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).  A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition includes constitutional challenges. *Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the

*Rooker-Feldman* doctrine does not apply."). To the extent the claims in Plaintiff's complaint challenge rulings made by a state judge, these claims should be summarily dismissed.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, she is permitted an opportunity to cure the deficiencies in her complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **March 16, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

February 23, 2022
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge